NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SOUND VIEW INNOVATIONS, LLC,

     *Plaintiff*,

     v.

HULU, INC.

     *Defendant*.

Case No. 2:17-cv-04146-JAK-PLA

**AMENDED STIPULATED PROTECTIVE ORDER**

[Discovery Document: Referred to Magistrate Judge Paul L. Abrams]

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    GOOD CAUSE STATEMENT

This action is likely to involve information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, marketing and sales information, and/or proprietary information for which special protection from public disclosure and dissemination and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating confidentiality and privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common

law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    DEFINITIONS

    3.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    3.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    3.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

    3.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party. By agreement, John Desmarais or any other Desmarais LLP employee that has worked or is working in a business capacity for Plaintiff will not have access to any information that Facebook designates as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.12 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.17 Related Case: any case (or cases) in which Sound View has or does in the future allege infringement of any patent against any company besides Hulu, Inc., including but not limited to *Sound View Innovations, LLC v. Facebook, Inc.*, No. 2:17-cv-04275-JAK (PLAx) (C.D. Cal.) and *Sound View Innovations, LLC v. Facebook, Inc.*, No. 16-116-RGA (D. Del.)).

4. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. To be clear, unsubstantiated media speculations or rumors do not transform information obtained from Protected Material concerning the subject matter of the speculations or rumors into "public domain" information. Such information is explicitly included in the definition of "Protected Material" set forth in 2.15 above. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

3786-002

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b)    for testimony given in deposition or other pretrial or trial proceedings that the Designating Party identify on the record or up to 21 days afterwards if that period is properly invoked, that the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

3786-002

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

3786-002

6.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process pursuant to Local Rule 37-1, <u>et seq.</u>, by providing a letter requesting a pre-filing conference of counsel that lists each designation the Challenging Party is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the letter must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith pursuant to Local Rule 37-1, <u>et seq</u>. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating

Party is unwilling to participate in the meet and confer process in a timely manner as set forth in Local Rule 37-1. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

7.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Any Protected Material produced by Hulu, Inc. shall not be disclosed by Sound View to outside litigation counsel of record in any Related Case who is not also outside counsel of record for Sound View in this action without Hulu, Inc.'s express written consent. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

3786-002

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation. Outside Counsel of Record for Hulu may also exchange or provide access to CONFIDENTIAL (and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY) information received from Sound View with Outside Counsel of Record for a defendant in a Related Case, subject to said Outside Counsel of Record for defendant in the Related Case treating such information in accordance with the terms of this and any other applicable Order. For avoidance of doubt, unless otherwise agreed in writing, no outside counsel for Sound View in any Related Cases who is not also outside counsel of record for Sound View in this action shall have access to Protected Information produced by Hulu to Sound View[1];

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

---

[1] This provision does not apply to documents produced in response to a subpoena served by a defendant in any Related Cases on another defendant in the Related Case or on Hulu, Inc. Nothing herein is intended to permit or require any defendant in any Related Case to conduct, receive, or participate in party discovery from Hulu, Inc. or another defendant in any Related Case.

3786-002

(e)    court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    the individuals identified in Section 8.2(a) of this Order;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4(a), below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and

3786-002

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that mock jurors shall not be given access to material designated "HIGHLY CONFIDENTIAL – SOURCE CODE"; and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 8.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or

trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     All challenges to objections from the Designating Party shall proceed under Local Rule 37-1 through Local Rule 37-4.
In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents-in-suit as well as the subject matter of the Protected Information received, including without limitation the

3786-002

patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. The Parties expressly agree that the prosecution bar set forth herein shall be personal to any Party's Outside Counsel, in-house attorneys, or their respective employed staff who reviews or otherwise learns the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information. It is expressly agreed that Outside Counsel and their employed staff who work on these matters without reviewing or otherwise learning the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE material shall not be restricted from engaging in prosecution activity on other matters that fall within the prosecution bar. It is also expressly agreed that in-house attorneys and their employed staff who work on these matters without reviewing or otherwise learning the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information shall not be restricted from engaging in prosecution activity on other matters that fall within the prosecution bar.

Notwithstanding the foregoing, nothing herein shall prevent an attorney from representing a party in a proceeding that challenges a patent-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post grant review, or inter partes review) unless the attorney is involved in directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims on behalf of a patent owner. This

Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE" information is first received by the affected individual and shall end two (2)
years after final termination of this action.

10.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in
this case, a Producing Party may designate source code as "HIGHLY
CONFIDENTIAL - SOURCE CODE" if it comprises extremely sensitive
"Confidential Information or Items" representing computer code and associated
comments and revision histories, formulas, engineering specifications, or schematics
that define or otherwise describe in detail the algorithms or structure of software or
hardware designs, disclosure of which to another Party or Non-Party would create a
substantial risk of serious harm that could not be avoided by less restrictive means.

(b)   Protected Material designated as "HIGHLY CONFIDENTIAL –
SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the
Prosecution Bar set forth in Paragraph 9, and may be disclosed only to the
individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
information may be disclosed, as set forth in Paragraphs 8.3 and 8.4.

(c)   Any source code produced in discovery shall be made available
for inspection, in a format allowing it to be reasonably reviewed and searched,
during normal business hours (9:00 a.m. to 6:00 pm local time) or at other mutually
agreeable times, at an office of the Producing Party's Counsel or another mutually
agreed upon location. To the extent access is necessary outside of normal business
hours, the parties agree to cooperate in good faith and make reasonable efforts to
accommodate reasonable requests for access outside of normal business hours. The
computer containing source code will be made available upon reasonable notice to

3786-002

the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection. The source code shall be made available for inspection on two secured computers in a secured room without Internet access or network access to other computers ("Source Code Computers"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Source Code Computers will be accessible using a working keyboard, mouse, and two monitors. The Producing Party shall install such tools or programs necessary to review and search the code produced on the platform produced. At a minimum these software utilities must provide the ability to (a) view, search, and line-number any source code file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, (d) print to PDF a source code file (or excerpt thereof) with the file path and original line numbers displayed in the PDF, and (e) compute the MD5 checksum of a file. The Receiving Party's Outside Counsel and/or experts may request, at the Receiving Party's expense, that other commercially available licensed software tools for viewing and searching source code be installed on the secured computers.  The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Though an expert may not copy lines of code into their notes, an expert's notes may include words from the code (e.g., definitions, function names, variable names, constants, string literals, and comments) and the expert's analysis of the operation of the source code. The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All persons viewing Source Code shall sign on each day they view

Source Code a log that will include the names of persons who enter the secured room to view the Source Code and when they enter and depart.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Using the software available on the Source Code Computers, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The request for printed Source Code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. Within three (3) business days of such request, the Producing Party shall either: (i) send one copy set of such pages to the Receiving Party for next day delivery; or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If the request is served after 6:00pm Pacific Time, it shall be deemed served the following business day.  All such source code shall be provided on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 7 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) day's advance notice to the Receiving Party by the Producing Party, the Receiving

3786-002

Party shall provide a copy of this log to the Producing Party. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. To the extent a deposition is likely to involve source code, the Party taking the deposition, shall provide at least seven (7) days written notice of that fact, and the Producing Party will make a source code computer available at the deposition, minimizing the need for additional paper copies of source code. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

11. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

11.1  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

3786-002

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

12.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and inform the Non-Party that it has fourteen (14) days to object to the information being provided to the Requesting Party; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

13.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

3786-002

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

15.  MISCELLANEOUS

15.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3786-002

15.3  <u>Export Control</u>. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

15.4  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, but rather must seek to file under seal any Protected Material in compliance with Local Rule 79. **Good cause must be shown for the under seal filing.**

15.5  <u>Privilege Logs</u>. No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

3786-002

15.6  <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

3786-002

# ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

Dated: January 3, 2018

_Paul L. Abrams_

Hon. Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE

3786-002

**RUSS AUGUST & KABAT**

Dated: January 3, 2018

By:     */s/ Kent N. Shum*
        Marc A. Fenster
        Benjamin T. Wang
        Kent N. Shum
        12424 Wilshire Boulevard, 12th Floor
        Los Angeles, California 90025
        Tel: (310) 826-7474
        Fax: (310) 826-6991
        mfenster@raklaw.com
        bwang@raklaw.com
        kshum@raklaw.com

        *Of Counsel:*

        DESMARAIS LLP
        Alan S. Kellman (admitted *pro hac vice*)
        Ameet A. Modi (admitted *pro hac vice*)
        Richard M. Cowell (admitted *pro hac vice*)
        C. Austin Ginnings (admitted *pro hac vice*)
        230 Park Avenue
        New York, NY 10169
        Tel: (212) 351-3400
        Fax: (212) 351-3401
        akellman@desmaraisllp.com
        amodi@desmaraisllp.com
        rcowell@desmaraisllp.com
        aginnings@desmaraisllp.com

        *Attorneys for Plaintiff*
        SOUND VIEW INNOVATIONS, LLC

3786-002

**O'MELVENY & MYERS, LLP**

Dated: January 3, 2018

By: _/s/ Brett J. Williamson_
Brett J. Williamson (#145235)
bwilliamson@omm.com
John C. Kappos (#171977)
jkappos@omm.com
Cameron W. Westin (#290999)
cwestin@omm.com
Bo K. Moon (#268481)
bmoon@omm.com
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for Defendant*
HULU, INC.

3786-002